BEATRICE E. PRIMEAU, as Mother and Natural Guardian of MARK PRIMEAU, an Infant, Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Third Department, January 16, 1975.

*Morton D. Shulman* for appellant.

*Maynard, O'Connor & Smith* (*John A. Murray* of counsel), for respondent.

REYNOLDS, J.  On August 29, 1963, Mark Primeau, who was then nine years old, was injured when a milk truck owned by Crowley's Milk Company, and operated by Mark's father, Aubrey Primeau, an employee of Crowley, was involved in an accident.  At the time of the accident, Crowley had a regulation that unauthorized persons were not allowed to ride in company vehicles, and such activity constituted grounds for dismissal. Aubrey Primeau was dismissed from Crowley's employment the day following the accident.

On October 18, 1963 Mrs. Beatrice Primeau, the mother and natural guardian of Mark Primeau, commenced an action against Crowley's for the personal injuries sustained by her son.  On June 22, 1965 the parties entered into the following

stipulation before Mr. Justice BOOKSTEIN in Rensselaer County Supreme Court:

"THE COURT: It is stipulated that this action be and the same is hereby dismissed upon the merits without costs to either party against the other.

"MR. VIGER: Yes, may the record show, your Honor, that this case was reached for trial, and Mr. Shulman discussed the matter with the guardian of the infant plaintiff, and on his recommendation, based on his appraisal of the law involved, the guardian consented that this action be dismissed, both the infant's and the parental action. Mr. Shulman called my office and related that to me and requested that I appear this morning on his behalf to consent to such discontinuance." Consequently, on July 6, 1965 the action was dismissed on the merits.

After the New York Court of Appeals in 1969 eliminated the intra-family immunity doctrine which barred recovery in family suits for nonwillful torts (*Gelbman* v. *Gelbman,* 23 N Y 2d 434), Mrs. Primeau, as mother and natural guardian of Mark Primeau, commenced an action on July 28, 1970 against Mr. Primeau for the personal injuries sustained by her son. The Insurance Company of North America asserted there was no coverage and declined to appear in that action. Consequently, an inquest was taken by Mr. Justice JOHN T. CASEY and damages were fixed at $18,000 against Mr. Primeau, and judgment entered on November 23, 1971. Since no payment was made on the judgment within 30 days after notice of entry was made to the parties, the plaintiff commenced this action pursuant to paragraph [b] of subdivision 1 of section 167 of the Insurance Law to recover payment from the defendant, Insurance Company of North America.

The issue in the case is whether Mr. Primeau was driving the vehicle with his employer's permission. Defendant contends lack of permissive use of the Crowley vehicle on the day of the accident, and also asserts the defense of collateral estoppel. Plaintiff claims that the vehicle was operated with the employer's permission, that Aubrey Primeau was an insured under the insurance policy written by the defendant for Crowley's and that permissive use was never previously litigated and, therefore, collateral estoppel should not be applied.

Where permission is conditioned upon instructions not to allow any riders, the owner can be exonerated from liability when an accident occurs subsequent to a breach of the restriction (*Leotta* v. *Plessinger,* 8 N Y 2d 449). The question of permissive use is generally a question of fact (*Leotta* v. *Pless-*

*inger, supra*) and a determination thereof by the trier of the facts should not be disturbed unless such finding is erroneous. Crowley clearly had a restriction against unauthorized passengers in company vehicles. Although there was no direct testimony as to Mr. Primeau's knowledge that he was violating the restriction, the trial court could properly infer that he was completely aware of such condition due to the various notices posted by the employer, the booklet published by the employer, and the participation of Mr. Primeau on the company's safety committee. Since the trial court has properly found that there was no permission to drive the vehicle, the omnibus clause of the insurance policy should not be held to cover the previously obtained default judgment.

Because of the factual finding of lack of permissive use, it is unnecessary to decide whether the doctrine of collateral estoppel should bar the plaintiff from litigating that issue.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Judgment affirmed, without costs.